IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RANDY R. HAHN, PERSONALLY AND AS PARENT AND JOINT LEGAL CUSTODIAN ON BEHALF OF HIS MINOR CHILDREN, P.R.H., J.J.H, AND J.C.H.,<br><br>Plaintiffs,<br>VS.<br><br>STATE OF UTAH;<br>SEAN D. REYES, ATTORNEY GENERAL;<br>THE HONORABLE RYAN HARRIS, 3RD DISTRICT COURT JUDGE;<br>THE HONORABLE KIM M. LUHN, 3RD DISTRICT COURT COMMISSIONER;<br>LIESA STOCKDALE, DIRECTOR OF OFFICE OF RECOVERY SERVICES,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br><br>Case No. 2:16-cv-00666-DN<br><br>District Judge David Nuffer |

Plaintiff Randy R. Hahn moved for a temporary restraining order and preliminary injunction against Defendants State of Utah; Sean D. Reyes, Attorney General; Third District Court Judge Ryan Harris; Third District Court Commissioner Kim M. Luhn; and Liesa Stockdale, Director of the Office of Recovery Services (collectively, "State Defendants") ("TRO Motion").[1] Four days after the TRO Motion was filed, a hearing[2] was held to discuss the merits of Mr. Hahn's claims. Mr. Hahn, an attorney, represented himself and the remaining defendants were represented by counsel. The following findings were made:

---

[1] Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction to Maintain the Status Quo ("TRO Motion"), docket no. 8, filed Aug. 9, 2016.

[2] Minute Order, docket no. 16, entered Aug. 12, 2016.

# FINDINGS

## Likelihood of Success on the Merits

It is highly likely that the case will fail based on abstention doctrines and the requirement to give full faith and credit to the actions of the state court without interference in those proceedings. The federal district court should not be involved in this issue.

It is also highly likely that the case will fail on immunity grounds.

It is also highly likely that the case will fail in its attempt to challenge the "best interests of the child' as a constitutionally-deficient standard. There is no support for this novel theory advanced by Mr. Hahn, and the cases cited in his TRO Motion and Motion for Summary Judgment[3] do not support his arguments.

## Irreparable Harm

There is no evidence that Mr. Hahn would suffer irreparable harm if the injunction is not issued because there is a fully operational and adequate forum present and available that is addressing Mr. Hahn's arguments. That forum is the state court system.

Further, there is evidence that Mr. Hahn entered into a valid stipulation for custody of his children. Mr. Hahn does not establish irreparable harm by stating that he now wishes to alter the stipulation. Matters of child custody are open to review in the state court as circumstances change.

## Balance of Harms

The damage that would result if the TRO Motion is granted would be that the state proceedings, which are valid, are disrupted and interfered with. Mr. Hahn does not face any harm that outweighs this potential damage. Thus, the balance of harms does not weigh in favor of an injunction.

---

[3] Motion for Summary Judgment, docket no. 6, filed Aug. 5, 2016.

Further, there is another significant harm faced by issuance of an injunction. The mother of the children, who is not a party to this action and has not received notice, would be most directly affected if the TRO Motion is granted. This is extremely disturbing and weighs against the issuance of an injunction.

## Public Interest

There is a significant public interest in maintaining order in the resolution of disputes. One of the ways to maintain order is for courts to honor jurisdictional boundaries. The adequacy of the state proceedings has not been challenged in any meaningful way; therefore, the issuance of an injunction, which would essentially override the state court's jurisdiction, would run contrary to the public interest.

## ORDER

IT IS HEREBY ORDERED that the TRO Motion[4] is DENIED.

Dated January 25, 2017.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[4] Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction to Maintain the Status Quo ("TRO Motion"), docket no. 8, filed Aug. 9, 2016.