IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RANDY R. HAHN, personally and as parent and joint legal custodian on behalf of his minor children, P.R.H., J.J.H, AND J.C.H., <br><br>                Plaintiff,<br><br>v.<br><br>STATE OF UTAH;<br>SEAN D. REYES, Attorney General;<br>THE HONORABLE RYAN HARRIS, 3rd District Court Judge;<br>THE HONORABLE KIM M. LUHN, 3rd District Court Commissioner;<br>LIESA STOCKDALE, Director of Office of Recovery Services,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**DENYING [6] MOTION FOR SUMMARY JUDGMENT;**<br><br>**GRANTING [18] MOTION TO DISMISS;**<br><br>**GRANTING [19] MOTION TO DISMISS; AND**<br><br>**DENYING [22] MOTION FOR CERTIFICATION**<br><br>Case No. 2:16-cv-00666-DN<br><br>District Judge David Nuffer |

This case was filed as a civil rights lawsuit by Plaintiff Randy R. Hahn, a father who entered into a stipulated divorce decree with his former spouse in New Mexico. That decree is being enforced in Utah. Mr. Hahn argues that he is entitled to declaratory and injunctive relief under 42 U.S.C. §§ 1983 and 1985 "to protect the fundamental rights in [his] parent-child relationship . . . ."[1] For the reasons set forth below, Mr. Hahn's case is dismissed.

## BACKGROUND

Very early in the case, Mr. Hahn filed a motion for summary judgment ("6 Motion") arguing that jurisdiction is appropriate in federal court under 28 U.S.C. §§ 1331 and 1343; venue is appropriate in the District of Utah under 28 U.S.C. § 1391; Mr. Hahn has standing; federal

---

[1] Complaint at 9, ¶ 1, 12, ¶ 2, docket no. 1, filed June 22, 2016.

abstention does not apply under the *Rooker-Feldman* doctrine, *Younger*, or "Domestic Relations Exceptions" rules; and governmental immunity does not apply.[2] Mr. Hahn moved for declaratory judgment that:

    a.  It is well established in federal judicial precedent that: i) regardless of marital status, a natural parent, who has established responsibility for his child, has an individual, fundamental right in the "care, custody, and control" of his child, and that child has a concomitant, fundamental right in the association of his parent; ii) "strict scrutiny" applies in any infringement of these rights; iii) under strict scrutiny, a state must have a "compelling governmental interest", and state action to achieve its "compelling governmental interest" must be "necessary", "the 'least restrictive means' of alternatives available, and "narrowly tailored" to infringe on these fundamental rights; iv) the only established "compelling governmental interest" recognized in federal jurisprudence to infringe on these fundamental rights is to protect a child from "substantial harm", including protection for a child's minimum needs; and v) the standard of evidence required to prove substantial harm to infringe these fundamental rights is by "clear and convincing evidence".

    b.  Plaintiff has an individual, civil and fundamental right in the "care, custody, and control" of his children including Equal Parenting protected under the Due Process and Equal Protection clauses of the United States Constitution. Equal Parenting entitles the Plaintiffs to approximately equal parenting time ("custody"), generally no less than 181 days year [sic]. Plaintiff's children have a concomitant, fundamental right to association, including Equal Parenting. Equal Parenting also entitles the Plaintiff to joint legal custody ("control") of his children. Further, Plaintiff's fundamental parental right includes the right to determine the level of financial support ("care") beyond the minimum needs of any of his children.

    c.  The rule requiring "substantial and material change" for an order modifying Plaintiffs' rights in Equal Parenting is not a compelling government interest to infringe on Plaintiffs' fundamental rights.

    d.  Plaintiffs have not waived nor limited any of the fundamental rights in their parent-child relationship. Plaintiffs can exercise these rights in a judicial proceeding at any time, and they may not be waived nor limited unless made "voluntarily, knowingly, and intelligently", and there must be substantive and procedural safeguards in place to protect the Plaintiffs' rights. The State of Utah currently has no or very inadequate substantive and procedural safeguards for these rights. Any state with such inadequate safeguards of these rights is suspect of undue influence by the state and other parties in regards to any waiver or limitation of those rights due to the established de juris and de

---

[2] Motion for Summary Judgment ("6 Motion") at 8-10, <u>docket no. 6</u>, filed Aug. 6, 2016.

facto hostile and chilling effect of the state's widespread, dominant usurpation of these rights.

e.  Plaintiff is constitutionally presumed to be a fit parent. Plaintiff is constitutionally presumed to act in the best interest of his children. Plaintiff may be held to the standard of providing for the minimum needs of his children (such as food, clothing, shelter, education, medical care, and protection from substantial harm). Plaintiff is constitutionally protected from being held to the standard of providing for his children's best interests, and he may subordinate his children's interest to his other children or his own interests so long as he provides for their minimum needs.

f.  The "best interest of the child" is not a "compelling government interest" to infringe, burden, usurp, or interfere with the fundamental rights in the parent-child relationship.

g.  "Clear and convincing" evidence is the standard to prove substantial harm to a child in order to infringe on these fundamental rights because of the potentially substantive burden and quasi-criminal nature of punishment on these fundamental rights in state action.

h.  The only "necessary", "narrowly tailored", and "least restrictive means" of alternatives available for state action for any "compelling government interest" to infringe on the fundamental rights in the parent-child relationship, is a presumption of Equal Parenting, including approximately equal parenting time that can only be rebutted by clear and convincing evidence of substantial harm to a child.

i.  Since parents are presumed to act in the best interest of their children, the court may defer to the parents' agreement to parenting time that is not approximately equal. However, such agreement, especially in the absence of substantive and procedural safeguards, is not per se a waiver of the right to assert approximately equal parenting time at any time. In the absence of agreement, the court must protect both parents and a child's right to Equal Parenting, and it may order parenting time such that the child lives with one parent for one-half of the year, and with the other parent for the other one-half of the year. It's not the state's problem nor business if the parenting-time is not in the best interest of the child so long as the parenting-time is not substantially harmful to the child, and the substantial harm must be proven by clear and convincing evidence. In a contested custody case, as a matter of law under the clear and convincing evidence standard of proof, a judicial order dividing approximately equal parenting-time for one-half of the year with one parent, and with the other parent for the other one-half the year, is no more substantially harmful to a child than any other judicial order dividing approximately equal parenting time to which both parents agree.

j.  A parent has a fundamental right to joint legal custody ("control") of his child, and in the absence of clear and convincing evidence of substantial harm to the child, there is no compelling government interest to infringe, burden, or interfere with a parent's right in the "control" of his child. In this regard, parents are partners, and neither has a superior right than the other. Thus, in the absence of the parents' agreement over substantive matters not relating to a child's minimum needs, such as membership in a religion, no parent, nor government, can dictate a child's membership in religion. For example, in the event that a religious organization admits a minor child as a member at the objection of a parent, the other parent and that organization might be subject to tortious interference in a parent-child relationship.

k.  The presumption of child support is not a compelling government interest to infringe, burden, or interfere with a parent's right in the "care" of his child. So long as there is no clear and convincing evidence of substantial harm to the child, it is not the state's problem, nor business, what a child's standard of living is beyond minimum needs. Child support might be appropriate where a parent does not have the means to support a child above poverty guidelines, and the other parent has means to make up the difference without impoverishing himself.

l.  There is no compelling government interest to support the presumption of a judicial officer's broad discretion to make orders that infringe, burden, or interfere with other fundamental rights in the parent-child relationship such as: freedom of association, speech, expression, religion, privacy, travel, or general search. In the absence of clear and compelling evidence of substantial harm to a child, a judicial officer does not have broad discretion to make such orders as: custody evaluations (general search and privacy issue) for "best interests" determinations; broad financial disclosures (general search and privacy issue) for purpose of child support where each parent has the means to independently support the minimum financial needs of a child; to dictate or prohibit speech, expression or association between parent and child; to dictate religious upbringing; or to burden the right to interstate travel, or to reside and work in a place of the parent's preference in this country while exercising his Equal Parental right. As in any partnership, lack of agreement between parents proscribes substantive decisions affecting a parent's joint legal control over a child.[3]

Mr. Hahn also moved for injunctive relief to:

a.  REVERSE the parts of the Utah Order[4] that:

---

[3] *Id.* at 10-13.

[4] Mr. Hahn does not define "Utah Order" in the 6 Motion. There were two orders issued by the state court: one by Commissioner Luhn on Nov. 23, 2015, and one by Judge Harris on Mar. 16, 2016. Since Judge Harris's order was

      i.    prohibits Plaintiff from exercising his fundamental right to free speech and association to discuss with a child matters of the Utah Court's proceedings;

     ii.    denies Plaintiff of his fundamental right to equal parenting time;

    iii.    requires Plaintiff to pay child support above the minimum needs of the children in the absence of evidence (or even allegation) that the Respondent is incapable of independently supporting the children's minimum financial needs;

    iv.    requires Plaintiff to pay $1,000 to Respondent's attorney for fees related to that attorney's attempts to violate the Plaintiffs assertion of Plaintiffs' fundamental rights; and

     v.    threatens the Plaintiff with fees or contempt of court for asserting his fundamental rights; and

b.  ORDER Judge Harris[, the judge in the Utah case,] to issue an Order of roughly equal parenting time from January 1 to June 30 for Respondent, and July 1 to December 31 for the Plaintiff;

c.  ORDER Judge Harris to award additional parenting time (170 days as of August 15, 2016 plus additional days beyond that date) to occur immediately to the Plaintiffs to make up for the deprivation of equal parenting time suffered so far by the Plaintiffs; and

d.  ORDER Judge Harris that the schooling for each child will be determined by the parent with whom that child is residing for at least one-half the school year; and

e.  ORDER the State of Utah, and thereby its judges and commissioners, to be restrained from making orders in any suit in violation of the civil and fundamental rights declared; and

f.  ORDER Attorney General, Sean D. Reyes, and his successors in office to conform with his constitutional oath by defending the fundamental rights in the parent-child relationship of every resident, citizen, and person in its jurisdiction, including actions in court against the Office of Recovery Services for collecting child support amounts beyond constitutional minimums; and

g.  ORDER Liesa Stockday, the Director of the Office of Recovery Services, and her successors in office to CEASE and DESIST from collecting child support unless judicial orders state the support amount does not go beyond

---

most recently issued, it is presumed that "Utah Order" refers to Judge Harris's order dated Mar. 16, 2016, which affirmed Commissioner Luhn's order.

the minimum financial needs of the child, the parent receiving support is incapable of financially supporting the child's minimum needs, and the paying parent is capable of paying the support without sacrificing his minimum needs; and

h.   ORDER Liesa Stockday, the Director of the Office of Recovery Services, and her successors in office, to pay restitution back to the Plaintiff for any and all child support amounts collected in violation of the Plaintiffs rights; and

i.   The State of Utah should not be rewarded for violating Plaintiffs fundamental rights, and to remove an incentive to violate Plaintiffs fundamental rights, ORDER the State of Utah, including Liesa Stockday, the Director of the Office of Recovery Services, to forfeit any and all funds received and yet to be received from the U.S. Government under Title IV-D (42 U.S.C. §651) for its unconstitutional taking from Plaintiff for child support, and pay such funds to Plaintiff for partial payment of damages; and

j.   RESERVE continuing jurisdiction over this case and the authority to transfer Plaintiffs' divorce case to another state judge if necessary to reign in the decades-long tyranny of state legislative, executive, and judicial abuse of parental-child rights in "family" courts; and

k.   RESERVE continuing jurisdiction over this case and the authority to assign a special master if necessary to oversee the state's reform and implementation of its long, chronic abuse and infringement of Equal Parenting rights; and

l.   ORDER costs taxed against the Defendants, including attorney's fees under 42 U.S.C. § 1988; and

m.   ORDER any further declaratory or injunctive relief or damages in support of the Plaintiffs' rights.[5]

A few days after filing the 6 Motion, Mr. Hahn filed a motion for temporary restraining order ("TRO Motion").[6] The TRO Motion raises the same arguments as the 6 Motion. A hearing was held on the motion for temporary restraining order, and Mr. Hahn was given the opportunity to explain his positions. After thorough review of Mr. Hahn's claims, the TRO Motion was

---

[5] *Id.* at 13-15.

[6] Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction to Maintain the Status Quo ("TRO Motion"), docket no. 8, filed Aug. 9, 2016.

denied.[7] The order denying the TRO Motion explained that it was highly likely Mr. Hahn's case would fail based on abstention doctrines and the requirement to give full faith and credit to actions of a state court, that it was highly likely the case would fail on immunity grounds, and that it was highly likely that the case would fail in its attempt to challenge the "best interests of the child" as a constitutionally-deficient standard.[8] That order also stated that there was "no support for [Mr. Hahn's challenge to the "best interests of the child" standard], and the cases cited in his TRO Motion and Motion for Summary Judgment do not support his arguments."[9] The order explained that "there is a fully operational and adequate forum present and available that is addressing Mr. Hahn's arguments"—the state court system—and "there is evidence that Mr. Hahn entered into a valid stipulation for custody of his children."[10]

At the conclusion of the TRO Motion hearing, defendants orally moved to dismiss Mr. Hahn's case. The state defendants were instructed to file a motion in writing. Honorable Ryan Harris and Commissioner Kim Luhn filed a motion to dismiss ("18 Motion").[11] Attorney General Sean Reyes, Director Liesa Stockdale, and the State of Utah filed a separate motion to dismiss ("19 Motion").[12]

Because this court lacks jurisdiction to resolve Mr. Hahn's claims, the 6 Motion is DENIED; the 18 Motion is GRANTED; the 19 Motion is GRANTED; and a later-filed motion

---

[7] Memorandum Decision and Order Denying Motion for Temporary Restraining Order and Preliminary Injunction ("Order Denying TRO Motion"), docket no. 25, entered Jan. 26, 2017.

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.*

[11] Motion to Dismiss and Memorandum in Support ("18 Motion"), docket no. 18, filed Aug. 22, 2016.

[12] Motion to Dismiss and Memorandum in Support ("19 Motion"), docket no. 19, filed Aug. 22, 2016.

for certification of questions to the Utah Supreme Court ("22 Motion")[13] is DENIED. The case is dismissed without prejudice for lack of jurisdiction.

## DISCUSSION

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[14]

### The *Younger* Abstention Doctrine Applies

The *Younger* abstention doctrine "requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues."[15]

These three elements are satisfied. First, state judicial proceedings are ongoing. Mr. Hahn was prompted to file this action in federal court because of orders entered by the state court, and Mr. Hahn specifically requests that those orders be overturned. Mr. Hahn does not cite any authority supporting this request. Second, the judicial proceedings implicate important state interests involving domestic relations. "It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child."[16] Third, the state court proceedings offer an adequate opportunity to litigate Mr. Hahn's arguments. Mr. Hahn cannot circumvent the jurisdiction of the state courts by bringing a lawsuit under 42 U.S.C. § 1983.[17]

---

[13] Motion for Certification of Questions to Utah Supreme Court ("22 Motion"), docket no. 22, filed Jan. 23, 2017.

[14] Fed. R. Civ. P. 12(h)(3).

[15] *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003).

[16] *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005).

[17] *See Wideman v. Colorado*, 242 Fed. App'x. 611 (10th Cir. Oct. 1, 2007) (unpublished) (dismissing § 1983 claims without prejudice under *Younger* and *Rooker-Feldman*).

Because the three elements are satisfied, the *Younger* abstention doctrine applies and this case must be dismissed for lack of jurisdiction. As the defendants have pointed out, Mr. Hahn may disagree with the rulings of the state court, but the appropriate action for Mr. Hahn is not to seek a ruling from the federal district court to overrule the state court. Instead, Mr. Hahn may raise his arguments in the state court proceedings and has appeal rights. From the briefing, it appears that Mr. Hahn has not exercised any appeal rights.

The defendants are correct that although Mr. Hahn's relief "is framed as declaratory and injunctive relief, the result of the relief is a modification of his custody and child support order. . . . The declaratory relief requested by [Mr. Hahn] is nothing more than the findings of facts for a new custody and support order."[18] The United States Supreme Court has long held that "the domestic relations exception, as articulated by this Court [since 1859], divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional dissatisfaction, we have no trouble today reaffirming the validity of the exception as it pertains to divorce and alimony decrees and child custody orders."[19] There is no jurisdiction in federal court to entertain Mr. Hahn's request to reverse the state court order and enjoin defendants to perform certain actions.

## CONCLUSION

Because the *Younger* abstention doctrine applies, this court lacks jurisdiction to entertain Mr. Hahn's claims. Accordingly, the 6 Motion is denied, the 18 Motion and 19 Motion are

---

[18] 19 Motion at 10-11.

[19] *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also id.* at 701-02 (explaining that federal jurisdiction may be appropriate in "cases arising from the domestic relations of persons *unless* they seek the granting *or modification* of a divorce or alimony decree").

granted, and the 22 Motion which seeks a ruling for certification of questions to the Utah Supreme Court, is denied. Mr. Hahn's claims are dismissed without prejudice.[20]

## ORDER

IT HEREBY ORDERED that the 18 Motion[21] and 19 Motion[22] are GRANTED. Mr. Hahn's claims against defendants are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

IT IS FURTHER ORDERED that the 6 Motion[23] is DENIED for lack of jurisdiction.

IT IS FURTHER ORDERED that the 22 Motion[24] is DENIED for lack of jurisdiction. The Clerk is directed to close the case.

Dated March 29, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[20] *Wideman*, 242 Fed. App'x. at 615 ("Because dismissals based upon the *Rooker–Feldman* and *Younger* abstention doctrines are jurisdictional, they should be entered without prejudice." (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1214 (10th Cir. 2006)).

[21] Motion to Dismiss and Memorandum in Support ("18 Motion"), docket no. 18, filed Aug. 22, 2016.

[22] Motion to Dismiss and Memorandum in Support ("19 Motion"), docket no. 19, filed Aug. 22, 2016.

[23] Motion for Summary Judgment ("6 Motion") at 8-10, docket no. 6, filed Aug. 6, 2016.

[24] Motion for Certification of Questions to Utah Supreme Court ("22 Motion"), docket no. 22, filed Jan. 23, 2017.